**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Marklin Christopher Manuel,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-13-00229-PHX-SRB (BSB)<br>CR-91-00264-PHX-SRB<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Pursuant to 28 U.S.C. § 2255, Marklin Christopher Manuel (Defendant) has filed an Amended Motion to Vacate, Set Aside, or Correct Sentence (§ 2255 motion).[1] (Doc. 4.)[2]  The government has filed a response arguing that Defendant's motion is untimely under the statute of limitations that applies to § 2255 motions, and that several of Defendant's claims are procedurally barred.  (Doc. 7.)  Defendant has filed a reply disputing the government's arguments.  (Doc 8.)  For the reasons set forth below, Defendant's § 2255 motion should be denied.

---

[1] On February 1, 2013, Defendant filed a § 2255 motion. (Doc. 1.) On April 22, 2013, the Court denied the motion with leave to amend. (Doc. 3.) On June 10, 2013, Defendant filed the pending amended § 2255 motion. (Doc. 4.)

[2] Citations to "Doc." are to the docket in CV-13-229-PHX-SRB (BSB). Citations to "CR Doc." are to the docket in CR-91-264-PHX-SRB. Because the criminal matter predates the Court's conversion to CM/ECF, the Court relied on the paper file to confirm the procedural history and background of that case.

## I. Procedural Background

In 1992, a grand jury in the District of Arizona returned a second superseding indictment against Defendant and two co-defendants charging them with first degree murder and other related charges stemming from the January 1, 1989 murder of Benjamin Lopez on the Gila Indian Reservation. (CR Doc. 77.) The charges against Defendant included violating 18 U.S.C. §§ 1111, 1153, first-degree murder, and 18 U.S.C. § 924(c), using a firearm in relation to a crime of violence. (*Id.*) On June 11, 1992, a jury found Defendant guilty on the charges of first-degree murder and using a firearm in relation to a crime of violence. (CR Docs. 77, 281.) On September 14, 1992, the Court sentenced Defendant to life imprisonment for first-degree murder, a consecutive term of five years' imprisonment for using a firearm in relation to a crime of violence, and sixty months' supervised release upon his release from imprisonment. (CR Docs. 273, 275.) Defendant appealed (CR Doc. 277), and the Ninth Circuit affirmed his convictions in October 1993. (Doc. 7 at 1.) The United States Supreme Court denied Defendant's petition for writ of certiorari in May 1994. (*Id.*)

## II. Defendant's §2255 Motion

Under § 1153, which establishes federal court jurisdiction for certain offenses committed in Indian country, including first-degree murder under § 1111, the government was required to prove that Defendant was an Indian. *See* 18 U.S.C. § 1153(a) (subjecting "[a]ny Indian" who commits one of fourteen major crimes to the criminal laws and penalties applicable in areas of exclusive federal jurisdiction). In his § 2255 motion, Defendant argues under *United States v. Bruce*, 394 F.3d 1215 (9th Cir. 2005), *United States v. Cruz*, 554 F.3d 840 (9th Cir. 2009), *United States v. Maggi*, 598 F.3d 1073 (9th Cir. 2010), and *United States v. Zepeda*, 705 F.3d 1052 (9th Cir. 2013), *superseded by United States v. Zepeda*, 738 F.3d 201 (9th Cir. 2013), that the government presented insufficient evidence of his Indian status. (Doc. 8 at 7-9.)

Specifically, Defendant argues that: (1) the tribal Enrollment Certificate the government used to prove his Indian status was not self-authenticating under Rule 902 of

the Federal Rules of Evidence and thus was improperly admitted at trial and, therefore, the government did not prove Defendant's Indian status under § 1153 (Count One); (2) the government did not allege his Indian status in the indictment and a jury did not determine his Indian status beyond a reasonable doubt and therefore this Court lacked jurisdiction under § 1153 (Count Two); and (3) counsel was ineffective for failing to object to the admission of the Enrollment Certificate at trial and for failing to appeal based on its admission (Count Three). (Doc. 4 at 5-7.) Defendant acknowledges that he did not raise these claims on direct appeal, but asserts that he failed to do so because he received ineffective assistance of counsel. (*Id.*)

The government argues that the § 2255 motion should be dismissed as untimely and, alternatively, that several of Defendant's claims are procedurally defaulted and barred from § 2255 review. (Doc. 7.) Defendant argues that his § 2255 motion is not time barred because he satisfied the "actual innocence" or "fundamental miscarriage of justice exception" under *McQuiggin v. Perkins,* 569 U.S. ___, 133 S. Ct. 1924 (2013). (Doc. 4 at 9; Doc. 8 at 1-2) Defendant also argues that he can establish cause and prejudice to excuse any procedural bar because he asserts that he received ineffective assistance of counsel. (Doc. 8 at 2-6.) As set forth below, the Court finds that Defendant's § 2255 motion is untimely and should be denied and, therefore, does not address the government's alternative arguments that several of Defendant's claims are procedurally barred.

### III. AEDPA Statute of Limitations

#### A.    Defendant's § 2255 Motion is Untimely Under § 2255(f)(1)

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.[3] The one-year limitations period runs from the latest of:

---

[3] The one-year statute of limitations for § 2255 motions under the AEDPA is the same as the one-year statute of limitations for writs of habeas corpus by persons in state custody under § 2244. *See United States v. Jones*, 963 F. Supp. 32, 34 (D.D.C. 1997).

(1)   "the date on which the judgment of conviction becomes final";

(2)   "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed";[4]

(3)   "the date on which the right asserted was initially recognized by the Supreme Court if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or

(4)   "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[5]

28 U.S.C. § 2255(f)(1) − (4).

In most circumstances, the statute of limitations under § 2255 begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "The Supreme Court has held that a conviction is final in the context of a habeas review when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition of certiorari finally denied.'" *United States v. Schwartz,* 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

Here, Defendant's judgment of conviction became final in May 1994 when the Supreme Court denied the petition for writ of certiorari. *See Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (quoting *Clay v. United States*, 527 U.S. 522, 527 (2003) (following Supreme Court precedent and holding "that finality occurs when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ

---

[4] Defendant does not argue that § 2255(f)(2) applies in this case.

[5] Defendant also does not argue that § 2255(f)(4) applies, but because the government discusses that section, the Court considers whether Defendant's § 2255 motion would be timely under § 2255(f)(4). In his § 2255 motion, Defendant states that he told his attorney to object to the Certificate of Enrollment during trial and to challenge its admission on direct appeal. (Doc. 4 at 7.) Thus, the facts underlying Defendant's substantive challenge to the admissibility of his Certificate of Enrollment were discovered during trial or on direct appeal. Both of these dates predate the date on which Defendant's conviction became final under § 2255(f)(1) and therefore § 2255(f)(4) does not apply.

of certiorari, or when the time for filing a certiorari petition expires.'")). However, because Defendant's conviction became final before the AEDPA's April 24, 1996 effective date, he had a one-year grace period from the effective date (until April 24, 1997) to file a § 2255 motion. *See United States v. Schwartz,* 274 F.3d 1220, 1222 (9th Cir. 2002) (defendants whose convictions became final before the AEDPA's enactment are entitled to a one-year grace period after the AEDPA's effective date to file a § 2255 motion). Defendant's § 2255 motion is untimely under § 2255(f)(1) because he did not file his original motion until February 1, 2013, nearly sixteen years after the one-year grace period expired.

Therefore, the Court considers whether Defendant's § 2255 motion would be timely if the statute of limitations ran from a date *after* his judgment of conviction became final under 2255(f)(1). Liberally construing the § 2255 motion, Defendant may be arguing that the statute of limitations did not commence until the Ninth Circuit decided *Zepeda*. (Doc. 4 at 6; Doc. 8 at 9-10.) Defendant asserts that in *Zepeda* the Ninth Circuit recognized a new substantive rule that applies retroactively to the claims in his pending § 2255 motion. (Doc. 8 at 9-10.) Thus, Defendant may be arguing that § 2255(f)(3) applies to determine the date the statute of limitations began to run. Accordingly, the Court will consider whether § 2255(f)(3) applies to extend the date on which the one-year statute of limitations began to run on Defendant's claims.

**B. Section 2255(f)(3) Does Not Apply to Extend the Limitation Period**

Section 2255(f)(3) provides that the § 2255 statute of limitations period begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Thus, as the Supreme Court has explained, under § 2255(f)(3) a movant "has one year from the date on which the right he asserts was initially recognized by *this Court*" to file his § 2255 motion. *Dodd v. United States,* 545 U.S. 353, 357 (2005) (emphasis added).

In *Dodd*, the Court rejected the argument that the limitations period under § 2255(f)(3) runs from the date a newly recognized right "was made retroactively applicable." *Id*. Instead, the Court held that the statute "identifies *one date and one date only* as the date from which the 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Id.* at 358 (emphasis in original) (quoting 28 U.S.C. § 2255(f)(3)). The Court explained that the second clause of the statute — "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" — imposes a *condition* on the applicability of § 2255(f)(3) and requires that the new right be "made retroactively applicable," but "has no impact whatsoever" on the date from which the limitation period begins to run. *Id*. The Court recognized that the statute of limitations in § 2253(f)(3) could have "harsh results" for movants seeking to take advantage of a new rule of constitutional law "except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year." *Id.* at 359.

Here, Defendant argues that the Ninth Circuit's decision in *United States v. Zepeda*, 705 F.3d 1052 (9th Cir. 2013), *superseded by United States v. Zepeda*, 738 F.3d 201 (9th Cir. 2013), announced a new rule regarding the proof of Indian status that applies retroactively to his case on § 2255 review.[6] (Doc. 8 at 9-10.) The government argues that the Ninth Circuit did not create a new constitutional rule regarding proof of Indian status in *Zepeda*, but instead reiterated its holdings from two previous cases. (Doc. 7 at 5.) The government also argues that even if the Ninth Circuit's decision in *Zepeda* announced a new constitutional rule of criminal procedure, it would not apply

---

[6] "The generally accepted test for Indian status considers '(1) the degree of Indian blood; and (2) tribal or government recognition as an Indian.'" *Bruce*, 394 F.3d at 1223 (quoting *United States v. Keys*, 103 F.3d 758, 761 (9th Cir. 1996)). In *Zepeda*, the Ninth Circuit held that "a Certificate of Enrollment in an Indian tribe, entered into evidence through the parties' stipulation, is [not] sufficient evidence for a rational juror to find beyond a reasonable doubt that the defendant is an Indian for the purpose of § 1153 where the government offers no evidence that the defendant's bloodline is derived from a federally recognized tribe." *Zepeda*, 738 F.3d at 24.

- 6 -

retroactively to Defendant's case under *Teague v. Lane,* 489 U.S. 288, 309 (1989).[7] (Doc. 7 at 6.)

In determining whether § 2255(f)(3) applies, and whether Defendant's § 2255 motion should be considered timely under that section of the statute, the Court does not need to determine whether *Zepeda* announced a new constitutional rule and, if so, whether that new rule would apply retroactively under *Teague*. Even if the Ninth Circuit announced a new rule in *Zepeda*, and that rule applies retroactively on habeas review, § 2255(f)(3) does not apply to extend the statute of limitations in this case because that section only applies when the "*Supreme Court*," not a circuit court of appeals, has "newly recognized" a right and it has been made "retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3) (emphasis added); *see also Dodd,* 545 U.S. at 360 (stating that the statute must be enforced according to its terms and reiterating that § 2255(f)(3) applies and can extend the statute of limitations only when the Supreme Court has newly recognized a right); *United States v. Talley*, 674 F. Supp. 2d 221, 224 (D.D.C. 2009) (rejecting the defendant's assertion that, pursuant to 28 U.S.C. § 2255(f)(3), the one-year statute of limitations did not start until the effective date of the United States Sentencing Guidelines that reduced the offense levels for the defendant's crimes of conviction, noting that the defendant did "not offer any support for the proposition that when the U.S. Sentencing Commission lowers an offense level, that constitutes a right newly recognized by the Supreme Court under § 2255(f)(3)."); *United States v. Arjona*, 2010 WL 3187043, at *2 (E.D. Cal. Aug. 11, 2010) (rejecting the defendant's argument that the statute of limitations commenced under § 2255(f)(3) on the date of a Sixth Circuit decision because the "United States Supreme Court has not ruled

---

[7] In *Teague*, 489 U.S. at 310-11, the Supreme Court held that a new constitutional rule of criminal procedure that had not been announced at the time of a defendant's conviction could not be applied retroactively on collateral review unless it fit within one of two narrow exceptions. Specifically, a new rule announced after a conviction could be applied retroactively on collateral review only if the new rule "(1) 'place[d] certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe,' or (2) 'require[d] the observance of those procedures that . . . are implicit in the concept of ordered liberty.'" *United States v. Sanchez-Cervantes*, 282 F.3d 664, 667 (9th Cir. 2002) (quoting *Teague*, 489 U.S. at 307).

on [the] issue [in that Sixth Circuit decision] . . . .").[8] Thus, the Ninth Circuit's *Zepeda* decision has no bearing on the commencement of the statute of limitations under § 2255(f)(3) and Defendant's § 2255 motion is untimely and is not subject to § 2255 review unless equitable tolling or an exception to § 2255(f) applies.

### III. Equitable Tolling and Actual Innocence Exception to § 2255(f)

#### A. Equitable Tolling

A § 2255 movant is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The movant must show that the extraordinary circumstances "'were the cause of his untimeliness.'" *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)). The defendant has the burden of demonstrating that the one-year limitation period was sufficiently tolled. *See Pace*, 544 U.S. at 418; *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Here, Defendant does not directly address the standard for equitable tolling and his status as an inmate and lack of legal assistance do not constitute extraordinary circumstances warranting equitable tolling of the statute of limitations. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that the fact that an inmate law clerk was assisting petitioner does not relieve petitioner from personal responsibility of complying with the law). Accordingly, equitable tolling does not apply under the standards articulated in *Holland*.

#### B. Actual Innocence

To avoid the statute of limitations, Defendant argues that he is "actually innocent." (Doc. 8 at 1-2.) In *McQuiggin v. Perkins*, 569 U.S.___, 133 S. Ct. 1294 (2013), the

---

[8] The *Arjona* court also noted that § 2255(f)(3) was not applicable because the Sixth Circuit's decision was not binding on that court and because the Sixth Circuit's decision had not been made retroactively applicable. *Arjona*, 2010 WL 318743, at *2. These two reasons seem to address the second requirement of § 2255(f)(3), that the right has been made retroactively applicable to cases on collateral review, as opposed to the first requirement that the "right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).

Supreme Court held that "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *Id.* at 1928. However, "tenable actual innocence gateway pleas are rare." *Id.* The court must apply the standards for gateway actual innocence claims set forth in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin*, 133 S. Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329 (emphasizing that this standard is "demanding" and seldom met). The Court in *McQuiggin* explained that the actual innocence rule announced in *Schlup*, and adopted in *McQuiggin*, is an equitable exception to the application of the statute of limitations. *Id.* at 1931. Actual innocence, if proven, merely allows a federal court to address the merits of a movant's constitutional claims. *Id.*

To make a credible claim of actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003) (holding that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of actual innocence"); *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) ("[A] claim of actual innocence must be based on reliable evidence not presented at trial.").

Here, Defendant has not met the demanding standard for establishing a claim of actual innocence to avoid the statute of limitations. Defendant has not presented any "new evidence" or established that, "in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 332. Accordingly, Defendant has not established a threshold claim of "actual innocence" to avoid the statute of limitations.

**IV.   Conclusion**

Defendant's § 2255 motion, filed nearly sixteen years after the § 2255 statute of limitations period expired, is untimely. Defendant has not established a basis for avoiding or tolling the one-year statute of limitations under § 2255(f). Accordingly, the § 2255 motion should be denied as untimely and the Court does not reach the government's alternative argument that several of Defendant's claims are procedurally barred. (Doc. 7 at 4.)

Accordingly,

**IT IS RECOMMENDED** that the Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 4) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Defendant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

1  Failure to file timely objections to any factual determinations of the Magistrate
2 Judge may be considered a waiver of a party's right to appellate review of the findings of
3 fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.
4 *See* Fed. R. Civ. P. 72.
5  Dated this 27th day of May, 2014.

_____
Bridget S. Bade
United States Magistrate Judge